UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMY LEBLANC | CIVIL ACTION NO. 6:15-2164 |
| VERSUS | JUDGE HAIK |
| CITY OF CROWLEY, ET AL. | MAGISTRATE JUDGE HANNA |

**RULE 7(a) HEIGHTENED PLEADING REVIEW**

In this §1983 civil rights suit, plaintiff has sued City of Crowley Mayor Greg Jones, Crowley Chief of Police K.P. Gibson, Officer Dwayne Schexnider and Officer David Melancon in their official and individual capacities. In their answer, these defendants plead qualified immunity. The undersigned has therefore conducted an evaluation of plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement. *See* Schultea v. Wood, 47 F.3d 1427, (5th Cir. 1995); Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

After review, the undersigned concludes that the plaintiff has "supported his claims with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434. Plaintiff alleges that Officers Schexnider and Melancon violated Melvin Leblanc's Fourth and Fourteenth Amendment right to be free from unreasonable search and seizure utilizing unnecessary and excessive force when they

shot and killed him while responding to a 911 call. Plaintiff further alleges that the Mayor Jones and Chief Gibson are personally liable because they implemented an unconstitutional policy by removing the authority of the City Council from hiring, firing and disciplining officers as outlined by the Lawrason Act, against the directives of the legislature which previously directed the City to cease its attempts to circumvent the Lawrason Act, thereby deliberately and consciously choosing to endanger the constitutional rights of citizens of the community. Plaintiff further alleges that the Chief has never sustained an excessive force complaint nor disciplined any officer for the use of excessive force, despite having received prior complaints of the aggressive behavior of Officers Melancon and Schexnider. Although the court may later determine the facts in favor of these defendants, the sole issue presented here is whether plaintiff has satisfied the heightened pleading requirement of Shultea, which the undersigned concludes she has. Thus, no order limiting discovery under Schultea is appropriate.

    Signed at Lafayette, Louisiana on this 13th day of January 2016.

                                                             PATRICK J. HANNA
                                                  UNITED STATES MAGISTRATE JUDGE